UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLY DUCASTIN, | : |
| Petitioner | : CIVIL ACTION NO. 3:23-0006 |
| v. | : (JUDGE MANNION) |
| | : |
| MERRICK GARLAND, | : |
| Respondent | |

**MEMORANDUM**

I. **Background**

Petitioner, Wesly Ducastin, a detainee of the United States Immigration and Customs Enforcement ("ICE"), housed in the Moshannon Valley Processing Center, Phillipsburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). He challenges his continued detention by ICE. Id.

For the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

## II. Discussion

The statute governing jurisdiction over writs of habeas corpus provides that writs may be granted by "the district courts ... within their respective jurisdictions." 28 U.S.C. §2241(a). In Rumsfeld v. Padilla, 542 U.S. 426 (2004), the United States Supreme Court noted that the phrase "within their respective jurisdictions" means that a writ of habeas corpus acts not upon the prisoner, but upon the prisoner's custodian, and that only those courts with jurisdiction over the custodians, that is, those courts within the "district of confinement," may issue the writ. Padilla, 544 U.S. at 442-44. The Third Circuit has held that "[i]t is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir.1994). Thus, a §2241 petition must be presented to "the district court in the United States District where the petitioner is incarcerated." United States v. Allen, 124 Fed. Appx. 719, 721 (3d Cir. Feb.11, 2005) (citing Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir.1990)).

Here, Petitioner is confined in Moshannon Valley Processing Center, which is located in Clearfield County, Pennsylvania, which is located within the territorial boundaries of the Western District of Pennsylvania. As such, in accordance with 28 U.S.C. §2241(a), the proper venue for this case is the

Western District of Pennsylvania, where Petitioner and his custodian are located.

A court may transfer any civil action[1] for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a) and 1406(a)[2]; See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Thus, this Court finds that it would be in the interests of justice and judicial economy to transfer this case to that district, see 28 U.S.C. §1631 (when a federal court lacks jurisdiction, it may transfer the case to another federal court that does have jurisdiction if it is in the interest of justice to do so); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case); Tsoukalas v. United States, 215 F. App'x 152 (3d Cir. 2007) (observing that jurisdiction over a §2241 petition

---

[1] Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000).

[2] Section 1406(a) provides that when a case has been filed in an improper venue, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." See 28 U.S.C. §1406(a). Similarly, §1404(a) grants district courts discretion to transfer cases, "in the interest of justice," to a district where the case might have been brought. See 28 U.S.C. §1404(a).

filed by a Moshannon Valley inmate rests with the United States District Court for the Western District of Pennsylvania).

Accordingly, this court will *sua sponte* transfer the above captioned action to the United States District Court for the Western District of Pennsylvania.

A separate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 25, 2023**
22-0006-01